UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES BUTLER,

    Plaintiff,

v.                                            Case No. 04-70342

UNITED STATES DEPARTMENT OF        Honorable Patrick J. Duggan
JUSTICE,

    Defendant.
_____/

## OPINION AND ORDER DENYING
## PLAINTIFF'S MOTION FOR RECONSIDERATION

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on MAY 18, 2005.

PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                           U.S. DISTRICT COURT JUDGE

On April 29, 2005, this Court issued an Opinion and Order granting summary judgment in favor of Defendant, the United States Department of Justice, and dismissing Plaintiff's Complaint. Presently before the Court is Plaintiff's Motion for Reconsideration filed, May 16, 2005.

First, Plaintiff asks the Court to verify that its April 29, 2005 Opinion and Order came from this Court because it "does not have the Judge's signature or any other stamp or seal indicating it actually came from the Honorable Judge Patrick J. Duggan." (Mot. for Reconsideration at 1). The Opinion and Order and the accompanying Judgment contain no

signature or seal because they were electronically filed. Both documents, however, did come from this Court.

Turning to Plaintiff's motion, motions for reconsideration are governed by Eastern District of Michigan Local Rule 7.1(g)(3) which provides:

> (3) Grounds. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Thus the Court will grant a motion for reconsideration if the moving party shows: (1) a "palpable defect," (2) that the defect misled the Court and the parties, and (3) that correcting the defect will result in a different disposition of the case. *Sundberg v. Keller Ladder*, 189 F. Supp. 2d 671, 674 (E.D. Mich. 2002). A palpable defect is one which is obvious, clear, unmistakable, manifest, or plain. *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001).

Plaintiff has not alleged any "palpable defect by which the court and the parties have been misled." E.D. MICH. L.R. 7.1(g)(3). Plaintiff asks the Court to address the issue of his Privacy Act requests for disclosure of grand jury investigative materials that he contends were omitted from the Opinion and Order. However, the Court already addressed Plaintiff's Privacy Act requests in its Opinion and Order. (*See* Op. and Or. of Apr. 29, 2005 at p. 8).

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Reconsideration is **DENIED**.

                                                  s/PATRICK J. DUGGAN
                                                  UNITED STATES DISTRICT JUDGE

Copies to:

Francis L. Zebot, AUSA

James Butler, #160557
Newberry Correctional Facility
3001 Newberry Ave.
Newberry, MI 40868